FILED BY_____*AT*_____D.C.

**Jul 23, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

LMN:SSS
F.#2009R00508/OCDETF #NY-NYE-598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

26-6408-MJ-SHAW-WILDER

UNITED STATES OF AMERICA

    - against -

ELIJAH EMANUEL BROWN,
    also known as "Shek,"

DESMOND CAMPBELL,
    also known as "Leon,"
TYRONE CAMPBELL,
    also known as "Duck,"

ANN-MARIE RAMSAY FISHER,
GODFREY GRAHAM,
    also known as "Chester,"

PHILLIP HANSON,

ORTAVIA LAMANDEZ AUSTIN,
    also known as "Mandez,"
STEPHEN LEE,
    also known as "Chino,"
DERRICK MAGNUS,
    also known as "Brownman,"

SIMONE PENROSE,

DOUGLAS ROSE,

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 09-119 (S-7)(ARR)

(T. 21, U.S.C., §§ 848(a),
848(b), 848(c), 853(a),
853(p), 952(a), 959(a),
959(c), 960(a)(1),
960(a)(3),
960(b)(1)(B)(ii),
960(b)(1)(G), 960(b)(2)(G)
and 963; T. 18, U.S.C.,
§§ 982, 1956(h), 2 and
3551 et seq.)



. Defendants.

- - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

### COUNT ONE
(Continuing Criminal Enterprise)

1.    On or about and between August 1, 2004 and October 22, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ████████ ██████████████████████████████ together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant ██████████ committed violations of Title 21, United States Code, Sections 952(a), 959(a), 960 and 963, including Violations One through Five set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant ██████████ in concert with five or more other persons, with respect to whom the defendant ██████████ occupied an organizer, supervisory and management position, and from which continuing series of violations the defendant ██████████ obtained substantial income and resources.  The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Five set forth below.

2

## Violation One

2. The defendant ████████ committed the following acts, either of which alone constitutes Violation One:

A. **Attempted International Distribution of Approximately 970 Kilograms of Marijuana**

3. On or about and between October 3, 2007 and October 10, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

B. **Attempted Importation of Approximately 970 Kilograms of Marijuana**

4. On or about October 10, 2007, within the Southern District of Florida and elsewhere, the defendant ████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled

3

substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

### Violation Two

5. The defendant ███████████ committed the following acts, either of which alone constitutes Violation Two:

A.  Attempted International Distribution of
    Approximately 1,070 Kilograms of Marijuana

6. On or about and between November 1, 2007 and November 28, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ███████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(G) and 963, and Title 18, United States Code, Section 2.

B.  Attempted Importation of
    Approximately 1,070 Kilograms of Marijuana

7. On or about November 28, 2007, within the Eastern District of New York and elsewhere, the defendant ███████████ together with others, did knowingly and intentionally attempt to

4

import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(G) and 963, and Title 18, United States Code, Section 2.

### Violation Three

8. The defendant ███████████ committed the following acts, either of which alone constitutes Violation Three:

    A. **International Distribution of Approximately 2,760 Kilograms of Marijuana**

    9. On or about and between September 1, 2008 and September 13, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ███████████ together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(G), and Title 18, United States Code, Section 2.

5

B.   Importation of Approximately
     2,760 Kilograms of Marijuana

10.   On or about September 13, 2008, within the Southern District of Florida and elsewhere, the defendant ███ ████████ together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a), 960(a)(1) and 960(b)(1)(G), and Title 18, United States Code, Section 2.

## Violation Four

11.   The defendant ████████ committed the following acts, either of which alone constitutes Violation Four:

A.   Attempted International Distribution of
     Approximately 130 Kilograms of Cocaine

12.   On or about and between September 23, 2008 and October 7, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in

6

violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

B. Attempted Importation of Approximately 130 Kilograms of Cocaine

13. On or about October 7, 2008, within the Eastern District of New York and elsewhere, the defendant ███████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

Violation Five

14. The defendant ███████████ committed the following acts, either of which alone constitutes Violation Five:

A. Attempted International Distribution of Approximately 245 Kilograms of Marijuana

15. On or about and between September 30, 2008 and October 9, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant ███████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully

imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

B.   **Attempted Importation of Approximately 245 Kilograms of Marijuana**

16.   On or about October 9, 2008, within the Eastern District of New York and elsewhere, the defendant ███████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(2)(G) and 963, and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(International Conspiracy to Distribute Marijuana)

18.   On or about and between August 1, 2004 and October 22, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ELIJAH EMANUEL BROWN, also known as "Shek," ████████████

8

DESMOND CAMPBELL, also known as "Leon," TYRONE CAMPBELL, also known as "Duck," ████████████████████ ANN-MARIE RAMSAY FISHER, GODFREY GRAHAM, also known as "Chester," ████████████ PHILLIP HANSON, ████████████ ORTAVIA LAMANDEZ AUSTIN, also known as "Mandez," STEPHEN LEE, also known as "Chino," DERRICK MAGNUS, also known as "Brownman," ████████████████████ SIMONE PENROSE, ████████ DOUGLAS ROSE, ████████████ ████████████████████ ████████████ together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Conspiracy to Import Marijuana)

17.  On or about and between August 1, 2004 and October 22, 2009, both dates being approximate and inclusive, within the

9

Eastern District of New York and elsewhere, the defendants ELIJAH EMANUEL BROWN, also known as "Shek," ███████████████ DESMOND CAMPBELL, also known as "Leon," TYRONE CAMPBELL, also known as "Duck," ████████████████████████████████ ████████████████████████ GODFREY GRAHAM, also known as "Chester," ███████████████████████ PHILLIP HANSON, ████████████████████████████████ ORTAVIA LAMANDEZ AUSTIN, also known as "Mandez," STEPHEN LEE, also known as "Chino," DERRICK MAGNUS, also known as "Brownman," █████████ ████████████████████████████████ ███████████████████████ DOUGLAS ROSE, ████████ ████████████████████████████████ ███████████████████████ together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et seq.)

10

## COUNT FOUR
(International Distribution of Marijuana -
Approximately 3,500 Kilograms of Marijuana)

19. On or about and between April 13, 2007 and April 25, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants PHILLIP HANSON, ███████████ and STEPHEN LEE, also known as "Chino," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Importation of Marijuana -
Approximately 3,500 Kilograms of Marijuana)

20. On or about April 25, 2007, within the Eastern District of New York and elsewhere, the defendants PHILLIP HANSON, ███████████ and STEPHEN LEE, also known as "Chino," together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a

11

substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Attempted International Distribution of Marijuana -
Approximately 970 Kilograms of Marijuana)

21. On or about and between October 3, 2007 and October 10, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ███████████████████ GODFREY GRAHAM, also known as "Chester," ████████████████ ORTAVIA LAMANDEZ AUSTIN, also known as "Mandez," DERRICK MAGNUS, also known as "Brownman," ████████████████████ ████████████████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled

12

substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(2)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SEVEN
(Attempted Importation of Marijuana -
Approximately 970 Kilograms of Marijuana)

22. On or about October 10, 2007, within the Southern District of Florida and elsewhere, the defendants ███████████ ████████████████████ GODFREY GRAHAM, also known as "Chester," ██████████████████████████████████ ████████████████ ORTAVIA LAMANDEZ AUSTIN, also known as "Mandez," DERRICK MAGNUS, also known as "Brownman," ████████ ██████████████████████████████████ ████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(2)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Attempted International Distribution of Marijuana -
Approximately 1,985 Kilograms of Marijuana)

23. On or about and between October 4, 2007 and October 23, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants GODFREY GRAHAM, also known as "Chester," ███████ PHILLIP HANSON, ███████ STEPHEN LEE, also known as "Chino," and ███████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Attempted Importation of Marijuana -
Approximately 1,985 Kilograms of Marijuana)

24. On or about October 23, 2007, within the Eastern District of New York and elsewhere, the defendants GODFREY GRAHAM, also known as "Chester," ███████ PHILLIP HANSON, ███████ STEPHEN LEE, also known

14

as "Chino," and ██████████████████████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
(Attempted International Distribution of Marijuana - Approximately 1,070 Kilograms of Marijuana)

25. On or about and between November 1, 2007 and November 28, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ████████████████████████ ██████████████████████████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule

15

I controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
(Attempted Importation of Marijuana -
Approximately 1,070 Kilograms of Marijuana)

26.  On or about November 28, 2007, within the Eastern District of New York and elsewhere, the defendants ███████ ███████████████████████████████████████ and ███████████████████████████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(International Distribution of Marijuana -
Approximately 2,760 Kilograms of Marijuana)

27.  On or about and between September 1, 2008 and September 13, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

16

defendants ███████████████████████ ORTAVIA LAMANDEZ

AUSTIN, also known as "Mandez," DERRICK MAGNUS, also known as

"Brownman," █████████████████████████████

████████████████████████████████████

███████████ together with others, did knowingly and intentionally

distribute a controlled substance, intending and knowing that

such substance would be unlawfully imported into the United

States from a place outside thereof, which offense involved 1,000

kilograms or more of a substance containing marijuana, a Schedule

I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c),

960(a)(3) and 960(b)(1)(G); Title 18, United States Code,

Sections 2 and 3551 et seq.)

## COUNT THIRTEEN
### (Importation of Marijuana - Approximately 2,760 Kilograms of Marijuana)

28.   On or about September 13, 2008, within the

Southern District of Florida and elsewhere, the defendants ██████

█████████████████████████ ORTAVIA LAMANDEZ AUSTIN, also known

as "Mandez," DERRICK MAGNUS, also known as "Brownman," ████████

████████████████████████████████████████

████████████████████████████████████████

together with others, did knowingly and intentionally import a

controlled substance into the United States from a place outside

thereof, which offense involved 1,000 kilograms or more of a

17

substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOURTEEN
(International Distribution of Marijuana - Approximately 1,960 Kilograms of Marijuana)

29.   On or about and between September 29, 2008 and October 5, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ██████████████████████ together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIFTEEN
(Importation of Marijuana - Approximately 1,960 Kilograms of Marijuana)

30.   On or about October 5, 2008, within the Southern District of Georgia and elsewhere, the defendant ██████████

18

██████████████████████ together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIXTEEN
(Attempted International Distribution of Cocaine -
Approximately 130 Kilograms of Cocaine)

31. On or about and between September 23, 2008 and October 7, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ████████████████████████████ ████████████████████████████████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule

19

II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Attempted Importation of Cocaine -
Approximately 130 Kilograms of Cocaine)

32. On or about October 7, 2008, within the Eastern District of New York and elsewhere, the defendants ██████████ ████████████████████████████ ████████████████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 952(a), 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Attempted International Distribution of Marijuana -
Approximately 245 Kilograms of Marijuana)

33. On or about and between September 30, 2008 and October 9, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States,

the defendants ███████████████████████ DERRICK MAGNUS,

also known as "Brownman," and ████████████████████

████████ together with others, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(2)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
(Attempted Importation of Marijuana -
Approximately 245 Kilograms of Marijuana)

34. On or about October 9, 2008, within the Eastern District of New York and elsewhere, the defendants ████████████ ██████████████████ DERRICK MAGNUS, also known as "Brownman," and ████████████████████████ together with others, did knowingly and intentionally attempt to import a controlled substance into the United States from a place outside thereof, which offense involved 100 kilograms or more of a substance

containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(2)(G); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY
### (Money Laundering Conspiracy)

35.   On or about and between August 1, 2004 and October 22, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███ ███████████████████ ANN-MARIE RAMSAY FISHER, █████████ ████████ and SIMONE PENROSE, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit: Jamaica, and to a place in the United States from and through a place outside the United States, to wit: Jamaica, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and that such transportation, transmission and transfer were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and

22

the control of the proceeds of the specified unlawful activity, and to avoid one or more transaction reporting requirements under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
(Continuing Criminal Enterprise)

36. The United States hereby gives notice to the defendant charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to a sum of money equal to at least approximately $63 million in United States currency.

37. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

23

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH NINETEEN
(Marijuana and Cocaine Trafficking)

38.   The United States hereby gives notice to the defendants charged in Counts Two through Nineteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to

24

facilitate the commission of such offenses, including but not limited to a sum of money equal to at least approximately $63 million in United States currency.

39. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

25

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT TWENTY
(Money Laundering Conspiracy)

40. The United States hereby gives notice to the defendants charged in Count Twenty that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such conspiracy in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property, including but not limited to a sum of money equal to at least approximately $63 million in United States currency.

41. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other

26

property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27

# UNITED STATES DISTRICT COURT

__EASTERN_____ DISTRICT OF_____ __NEW YORK_____

UNITED STATES OF AMERICA

v.

GODFREY GRAHAM,
        also known as "Chester,"

**WARRANT FOR ARREST**

CASE NUMBER: 09-CR-119 (S-5)(ARR)

DEFENDANT.

TO: Special Agents Neil Rubin and Chatchai Chunton , and any Authorized United States Official

YOU ARE HEREBY COMMANDED to arrest __GODFREY GRAHAM_____
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[✓] Indictment [ ] Information [ ] Complaint [ ] Order of Court [ ] Violation Notice [ ] Probation Violation Petition

charging him or her with (brief description of offense) Attempted Importation of Marijuana, International Conspiracy to Distribute Marijuana, Conspiracy to Import Marijuana, Attempted International Distribution of Marijuana

In violation of Title 21: _____ United States Code, Section(s) 963, 959, 960, 952 _____

Hon. Lois Bloom
Name of Issuing Officer

_Signature of Issuing Officer_
Bail fixed at $ _____

Magistrate Judge, EDNY
Title of Issuing Officer

October 22, 2009, in Brooklyn, New York
Date and Location

By _____

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |